IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 2 0 2008

Stephan Harris, Clerk
Cheyenne

| | |
|---|---|
| DAYNA FREIER, <br> on behalf of <br> MICAH WEISHAAR, ALEXA WEISHAAR, <br> MADISON WEISHAAR AND LOGAN <br> WEISHAAR, <br><br> Plaintiff, <br><br> v. <br><br> DOCTOR'S ASSOCIATES Inc., <br> d/b/a SUBWAY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

08-CV-48-B

## COMPLAINT

Plaintiffs, MICAH WEISHAAR, DAYNA FREIER, …… hereby sue the Defendant, DOCTOR'S ASSOCIATES, Inc., for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1332 and 1343(a), as hereinafter more fully appears, and the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (ADA).

1. Plaintiffs Micah Weishaar, Dayna Freier, 14290 Corrico Court, Colorado Springs, CO.

2. The Defendant's Company, Subway, is located at 1455 South Road, Wheatland, Platte, County, WY

3. Venue is properly located in the DISTRICT OF WYOMING because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

Receipt # _____3863_____
Summons: __X__ issued
         _____ not issued

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has original jurisdiction over actions arising from the Defendant's violations of Title III of the American's with Disabilities Act, 42 U.S.C. § 12181 et seq.

5.     Plaintiff DAYNA FREIER is the mother and legal guardian of Plaintiff's MICAH WEISHAAR, ALEXA WEISHAAR, MADISON WEISHAAR, LOGAN WEISHAAR, minor children. Plaintiffs are residents of the State of Colorado. MICAH WEISHAAR is a sixteen year old minor, and qualifies as an individual with disabilities as defined by the ADA. MICAH WEISHAAR has been qualified by the ADA as a person requiring the assistance of a service animal. Under the Americans with Disabilities Act (ADA), privately owned businesses that serve the public, such as restaurants, hotels, retail stores, taxicabs, theaters, concert halls, and sports facilities, are prohibited from discriminating against individuals with disabilities. The ADA requires these businesses to allow people with disabilities to bring their service animals onto business premises in whatever areas customers are generally allowed. It is a violation of the ADA to refuse to admit a service animal on the basis of local health department regulations or other state or local laws. On July 24, 2007, Plaintiffs were traveling through Wheatland on their way back to Colorado. On that date, Plaintiffs entered Defendant's restaurant, Subway, located at 1455 South Road, in Wheatland, Platte County, Wyoming. MICAH WEISHAAR was accompanied by his service dog when the Plaintiffs entered the restaurant. The Service Dog was wearing his vest that clearly identified him as a service animal. Upon entering the restaurant, and employee of Subway, Kristina Gates, approached the Plaintiffs and told DAYNA FREIER that she had to "take the dog out". Gates walked away seemingly perturbed when DAYNA FREIER explained that the dog was a service animal and pointed to his vest. The family proceeded in line to give their sandwich orders when they were approached by Subway employee Robin Reese. Reese identified herself as the store manager and told the Plaintiff's that they had to go to the back of the store or leave. The other employees stopped making the Plaintiff's sandwiches. When Plaintiff DAYNA FREIER attempted to show Reese the ADA

card for the service animal and explain that he was required to be with MICAH WEISHAAR at all times, Reese became agitated and ordered the Plaintiffs to leave the store. Several other patrons of the restaurant witnessed this transaction and left the store with the Plaintiffs. Witness Stephani Faino used her cell phone to contact Subway's corporate office. She was on the phone with the corporate office when Detective Lisa Smith of the Wheatland Police Department arrived to investigate the disturbance. Reese told the officer that she did not believe there was a "need" for the service dog. Plaintiff DAYNA FREIER spent the next several weeks attempting to contact a representative from the corporate office who would speak to her about this incident. The owner of the Subway store in Wheatland is Patrick Wagner. Wagner contacted Plaintiff DAYNA FREIER and informed her that he would stand by his staff in their claims that there was no disabled person with FREIER on that day and that the dog was not wearing a vest. Wagner did not offer an apology for the behavior of his staff. The fact that the dog was wearing his vest on that day was documented in Detective Smith's report and noted by witnesses. Plaintiff's were not only subjected to discrimination on the basis of MICAH WEISHAAR'S disability, but suffered public humiliation and degradation. The children were especially distraught over the incident.

6.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations fo the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Subway®, 1455 South Road, Wheatland, Platte County, Wyoming 82201.

7.     Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the behavior as well as the lack of education of its owner and employees and other similarly situated restaurants around the country that may be patronized by the Plaintiffs. DAYNA FREIER and her family have availed themselves of the goods

and services offered by Defendant, and hope to do so again in the future, but at present the discriminatory barriers prevent Plaintiffs from returning to the Defendant's restaurant to fully enjoy the goods and services available. Plaintiffs wish to be assured that they and others may have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against Plaintiffs and other disabled citizens in violation of the ADA by failing to allow service animals accompany disabled individuals into its restaurants, and by failing to make reasonable modifications in policies, practices, procedures and training of its employees, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such other efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of its absence of accommodating practices, policies, training and procedures.

10. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigations expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

11. This Court is provided with the authority to grant Plaintiffs injunctive relief, including an order to require the Defendant to provide an auxiliary aid or service, modification of policy, practice, or procedure, or alternative method, and the court may grant Plaintiff punitive damages pursuant to 42 U.S.C. § 12188 and 28 CFR 36.504.

**WHEREFORE**, Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of the Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order requiring Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and ligigation expenses pursuant to 42 U.S.C. §12205 and 28 CFR 36.505.

d. An award of punitive damages in the amount of $3,500,000 (three million five hundred thousand dollars), pursuant to 42 U.S.C. § 12188 and 28 CFR 36.504.

e. Such other and further relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted this 19 day of February, 2008.

Tillie J. Routh
Attorney at Law
2319 Pioneer Ave.
Cheyenne, WY 82001
Ph. (307) 638-2345
Fax (307) 634-5086

By: _____
Tillie J. Routh